UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SBY AMERICA, INC.,

Plaintiff,

v.

CASE No. 1:26-cv-1713

HON. ROBERT J. JONKER

M SOLUTION KOREA CO. LTD,

Defendant.

_______________________________/

**ORDER**

**INTRODUCTION**

Plaintiff filed this action seeking to collect about $4.5 million it claims it is owed under several purchase orders. Plaintiff says it supplied goods and services to M Solution America ("M-America), a sub-contractor on building projects for LG Energy battery plants in Michigan, Ohio, Indiana and Ohio. According to plaintiff, the project owner paid M-America, but M-America did not pay plaintiff. Instead, plaintiff claims "on information and belief" that M-America is moving the money to M Solution Korea, Ltd. (M-Korea), its Korean parent company. Plaintiff has named only M-Korea as a defendant. It has not sued M-America but claims it functions as the alter ego of M-Korea. Plaintiff moves for an ex parte temporary restraining order ("TRO") asking the Court to enjoin any further movement of funds to M-Korea. Plaintiff has failed to satisfy the exacting requirements for an ex parte TRO, and so its Motion is DENIED.

## LEGAL STANDARDS

The Court may not issue a TRO without written or oral notice to the adverse party or its attorney unless specific facts in an affidavit or verified complaint clearly show that irreparable injury will result before the adverse party can be heard in opposition and the moving party provides written certification of any efforts made to give notice and why notice should not be required. FED. R. CIV. P. 65(b)(1). The purpose of a TRO is to preserve the status quo pending a hearing on a preliminary injunction. *See Erard v. Mich. Secy of State*, 905 F.Supp.2d 782, 791 (E.D. Mich. 2012) ("An *ex parte* TRO is only appropriate where the application would face irreparable harm so immediate that it would be improper to wait until after a preliminary injunction hearing to enjoin the non-movant's conduct."); *see also Proctor & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 226 (6th Cir. 1996) ("[T]he purpose of a TRO under Rule 65 is to preserve the status quo so that a reasoned resolution of a dispute may be had.").

In determining whether to grant a TRO, the Court considers the same four factors applicable to a motion for a preliminary injunction: (1) the movant's likelihood of success on the merits; (2) whether the movant "would likely be permanently harmed absent the injunction; (3) whether the injunction would cause substantial harm to third parties; and (4) whether the injunction would serve the public interest." *McGirr v. Rehme*, 891 F.3d 603, 610 (6th Cir. 2018) (citing *S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017)). Though the standard for a TRO is the same as a preliminary injunction, there is increased emphasis on irreparable harm. *ABX Air, Inc. v. Int'l Bhd. of Teamsters*, 219 F. Supp. 3d 665, 670 (S.D. Ohio 2016); *see also New Motor Vehicle Bd. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977); 11A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE & ALEXANDRA D. LAHAV, FEDERAL PRACTICE & PROCEDURE § 2951 (3d ed. Apr. 2026 update) ("With the emphasis that the

temporary restraining order is intended to prevent immediate irreparable harm, courts ordinarily apply the same four-part standard used in the preliminary injunction context.”).

## DISCUSSION

The Court is not satisfied that Plaintiff has made the necessary showing for an ex parte TRO. First, Plaintiff’s papers include no certification of efforts made to give notice and no persuasive reason offered as to why notice should not be required. From a review of the papers at present, it appears to the Court that the overall dispute goes back at least to December of 2024, when SBY America demanded satisfaction of unpaid invoices and received a response from counsel for M-America and M-Korea in the fall of 2025. (ECF No. 1-4). Plaintiff clearly could have acted, at that time, to protect its interests and the rush for emergency ex parte injunctive relief now is incongruent with this history. Moreover, giving Defendant notice and the opportunity for hearing would not be disclosing new information.

Second, Plaintiff has failed to comply with Rule 65(b)(1)(A)’s requirement of showing “specific facts in an affidavit or verified complaint” in support of its request for a TRO. The facts alleged in Plaintiff’s Complaint fall far short of showing specific facts establishing the need for a TRO. To the contrary, the Complaint is entirely vague and conclusory when it comes to demonstrating why emergent relief is necessary. What facts are alleged show that the claim here is about money, which is usually not irreparable at all. Plaintiff says it is irreparable anyway because the funds involved--or at least some of them[1]--are subject to the Michigan Builders Trust Fund so that the movement of money from M-America to M-Korea is irreparable dissipation of

[1] Even if the Trust Fund theory works for the Michigan project, it is not clear it would apply to funds applicable to the projects in other states. Plaintiff says each relevant state has similar laws, but none are analyzed in the briefing. In the absence of a credible trust theory, *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308 (1999) would preclude emergent relief as even Plaintiff appears to recognize. (ECF NO 6, PageID.264).

trust assets, with growing harm with every minute that passes. But the problem with relying on this for Rule 65(b)(1) is that the off-shoring claim is made "on information and belief," which doesn't support an ex parte TRO. Plaintiff's complaint is signed by an individual purporting to be a shareholder of Plaintiff, who attests that the contents of the Complaint are "true to the best of my knowledge, information, and belief." (ECF No. 1, PageID.27). As a general matter, this statement is insufficient to qualify as a verification under 28 U.S.C. § 1746. And it falls far short of meeting Plaintiff's burden under the particular requirement of Rule 65 too. *Jarrett v. Snyder*, No. 1:13-CV-139, 2013 WL 3270911, at *4 (W.D. Mich. June 27, 2013) (Quist, J.) (Plaintiff's statements based on "information and belief" were not based on personal knowledge and "provide[] no basis on which to render the extraordinary relief of a TRO.") (internal quotation omitted).

Even apart from these problems, which are sufficient on their own to deny the ex parte request, there are more fundamental questions that spring from the Complaint. The only named defendant is M-Korea, a foreign entity. But the money Plaintiff asks the Court to stop is currently in the hands of M-America, a company plaintiff has chosen not to name in the case. Plaintiff says this is not a bar to the relief requested because M-America is simply the alter ego of M-Korea. But if Plaintiff is correct on that point, it will inevitably require that M-America be brought into the case. After all, the Court has no jurisdiction over trust assets that are already in Korea, and the Court can't enjoin movement of trust assets that are in the hands of a non-party. But making M-America a party will destroy diversity because both M-America and plaintiff are principally based in Georgia.

For all these reasons, the Court is satisfied ex parte relief is not warranted, and the motion for a TRO under Rule 65(b) is denied. The denial is without prejudice to a properly supported

motion for preliminary injunction under Rule 65(a) with an opportunity for a defense response. Providing time for the defendants to be heard is not likely to affect the relative balance of harms either, and it will undoubtedly improve the quality of decision making. The Court is not making any finding as to the preliminary injunction factors at this point. Rather, the Court is simply finding that *ex parte* TRO relief before the defendant can be heard is not warranted on this record.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that Plaintiff's ex parte Motion for Temporary Restraining Order (ECF No. 6) is **DENIED.**

The Clerk of Court shall modify the restrictions currently applicable to ECF No. 6 to place the motion on the public docket.

**IT IS SO ORDERED.**

Dated: June 8, 2026

/s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE